IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| KAWTHER AL-ABOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:05cv1031 (JCC) |
| ) | |
| NIMAT EL-SHAMARI, ) | |
| ) | |
| Defendant. ) | |

### **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant's Motion to dismiss pursuant to Rule 12(b)(1) on the grounds that there is a lack of subject matter jurisdiction as the amount in controversy does not exceed $75,000. For the reasons stated below, the Court will deny Defendant's Motion.

**I. Background**

Plaintiff Kawther Al-Abood seeks to enforce judgments entered against the Defendant, Nimat El-Shamari, from courts in foreign countries - France and Monaco. A trial court in Nice, France ordered El-Shamari to pay Al-Abood 2,000 Euros on June 24, 2003. In the Complaint, El-Shamari also claims reimbursement for 1,831.39 Euros in administrative charges and 465 Euros in court costs for the French litigation. (Compl. ¶ 62). In the Plaintiff's response to this Motion, Al-Abood represents this cost as only amounting to 1,500 Euros. (Plf. Opp. 4).

-1-

Al-Abood also seeks damages in relation to litigation occurring in Monaco.  Prior to the litigation, El-Shamari paid a bond of 800,000 French Francs to the court in Monaco.  The Monaco Court of Appeals affirmed a ruling in favor of Al-Abood on May 13, 2003 and ordered El-Shamari to pay Al-Abood 150,000 Euros.  Al-Abood was awarded attorneys' fees for the trial and appellate litigation in the Monegasque dispute.  The attorneys' fees related to the trial litigation totaled 19,841.71 Euros as stated in the Complaint, all of which Al-Abood sought to recover.  (Compl. ¶ 71).  However, in Plaintiff's opposition, Al-Abood explains that part of El-Shamari's bond was used to satisfy the attorneys' fees from the trial.  (Plf. Opp. 5).  A letter from the Court of Appeals in Monaco explains that 23,501.02 Euros were given to Al-Abood's attorney from El-Shamari's posted bond.  (Plf. Opp. Ex. D).  Al-Abood no longer seeks to recover funds for the attorneys' fees related to trial, but she does seek those fees related to the appeal.  The Complaint lists the attorneys' fees related to the appellate litigation as 2,611.84 Euros.  (Compl. ¶ 71).  Plaintiff's opposition includes an additional 27.60 Euros in appellate court costs. (Plf. Opp. 4).

The letter from the Court of Appeals in Monaco also explains that the court's process server paid Al-Abood 98,000 Euros from El-Shamari's bond in partial satisfaction of the judgment.  (Plf. Opp. Ex. D).  Therefore, in Plaintiff's

opposition, Al-Abood reduces the amount she seeks in regard to the Monegasque judgment by 98,000 Euros. (Plf. Opp. 4).

Finally, Al-Abood includes within the total sum she seeks to recover, as listed in her opposition, a 150,000 French Franc award for damages for false accusations resulting from a Monegasque criminal court's judgment. (Plf. Opp. 4). Al-Abood approximates this award to 22,000 Euros in her Complaint. (Compl. ¶ 28). It is unclear, however, in the Complaint whether she is seeking recovery of this criminal damage award because her calculations in the "Enforcement of the Monegasque Judgment" section do not include this amount. (Compl. ¶¶ 65-78). It is clear in her opposition that she seeks this award in the present litigation.

Al-Abood filed a Complaint on September 19, 2005 seeking enforcement of the French and Monegasque judgments. On September 23, 2005, El-Shamari filed a Motion to Dismiss pursuant to Rule 12(b)(1) on the grounds that there is a lack of jurisdiction over the subject matter of this action as the amount in controversy does not exceed $75,000. This Motion is currently before the Court.

## II. Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Where subject matter jurisdiction is challenged, the factual

allegations are assumed true. *See Virginia v. United States*, 926 F. Supp. 537, 540 (E.D. Va. 1995). If, however, "the motion challenges the actual existence of the Court's subject matter jurisdiction, . . . the Court may 'look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Id.* (citing *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v. Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)). The burden of proving subject matter jurisdiction is on the plaintiff. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### III. Analysis

One of the two requirements to obtain subject matter jurisdiction in federal court based on diversity jurisdiction is that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). When calculating "the amount in controversy, the Court is not bound by the amount the Plaintiff pleads . . . . Rather, the Court must look at the totality of the circumstances." *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004). The parties, at least for the purposes of this Motion, agree to a large extent on what is appropriately included in the calculation of damages for the purpose of reaching the amount in controversy


minimum of $75,000. This agreement includes judgment awards. El-Shamari largely concedes the attorneys' fees in the papers, yet disputed the inclusion of attorneys' fees at the hearing on this Motion. This Court finds that the attorneys' fees are properly included. *See Cradle v. Monumental Life Ins. Co.*, 354 F. Supp. 2d 632 (E.D. Va. 2005) (recognizing that inclusion of attorneys' fees in calculating the amount in controversy for diversity jurisdiction purposes is accepted in many jurisdictions when statutes delegate those fees as substantive rights). Additional disagreement between the parties arises in regard to the application of El-Shamari's bond to the damages due and the inclusion of the award following the Monegasque criminal case.

With respect to the allocation of the 800,000 French Franc bond posted by El-Shamari, Al-Abood provides clear documentation of how the bond was distributed. (Plf. Opp. Ex. D). A letter from the process server for the Court of Appeals of Monaco explains that the bond was dispensed in Euros, 98,000 Euros of which were allotted to Al-Abood personally and 23,501.02 Euros of which was paid to her attorney in satisfaction of his fees for, most likely, the trial litigation. Therefore, the argument regarding the applicable conversion rate from French Francs to Euros is superfluous given that distribution was completed in Euros. It is not relevant what the conversion rate was in fact at the time of distribution of the bond; rather, the

only relevant information regards the actual sum allocated to the parties. Therefore, the Court will calculate the final damages by crediting El-Shamari with a 98,000 Euros payment to Al-Abood and a 23,501.02 Euros payment in legal expenses.

Secondly, the inclusion of the roughly 22,000 Euros judgment accompanying the criminal case alone results in an amount in controversy in excess of $75,000, when added to what El-Shamari already concedes for the purpose of this Motion. El-Shamari's motion failed to include within its calculation this award, perhaps because it was unclear whether Al-Abood was seeking recovery of this judgment in her Complaint. Regardless, it is proper to consider this award because it was stated in the Complaint and Al-Abood reaffirms her intention to collect this judgment in her opposition. Furthermore, in the process of determining "the amount in controversy, the Court is not bound by the amount the Plaintiff pleads . . . . Rather, the Court must look at the totality of the circumstances." *Schwenk v. Cobra Mfg. Co.*, 322 F. Supp. 2d 676, 678 (E.D. Va. 2004).

Al-Abood has carried her burden of proving subject matter jurisdiction by illustrating that the amount in controversy exceeds $75,000. This is not the appropriate forum for determining the exact amount owed to Al-Abood; what is being decided here is simply that Al-Abood has proven that this case belongs in federal court. El-Shamari, for the purposes of this

Motion, appears to credit Al-Abood with establishing approximately $68,000 in controversy.  Upon adding to that number the roughly 22,000 Euros award Al-Abood received in conjunction with the Monegasque criminal case and crediting El-Shamari with only the amount actually paid to Al-Abood and her attorneys from the posted bond, the amount in controversy is clearly in excess of $75,000.

### IV. Conclusion

For the reasons stated above, the Court will deny Defendants' Motion to Dismiss.  An appropriate Order will issue.


November_1__, 2005              _____/s/_____
Alexandria, Virginia                  James C. Cacheris
                            UNITED STATES DISTRICT COURT JUDGE